Mrs. Jennie Clements, Wife, etc.-       No. 7961.

                    -vs-          ----      Court of Appeal.

            George S. Dawson,            Parish of Orleans.

                        -----------

                        --------

Dinkelspiel, J.

                        ---------------------------

DINKELSPIEL, J.

Plaintiff represents that she is the lessee of the premises No. 1629 Terpsichore Street, in this City, paying the sum of $37.50, per month, said lease being dated August, lst. 1919, for twelve months , begining October, lst. and ending on the last day of September, 1930. That she is also the owner of the furniture in said premises; that she resides therein with her married daughter, wife of defendant, and her daughter's two children.

That for the last eleven months, defendant who is the husband of plaintiff's daughter, committed various acts of violence upon his wife and attempted to do likewise on plaintiff. Also, complaining of various acts of brutallity against her daughter, and also useing vulger and indecent language to her daughter and herself, causeing great confusion and noise in the neighborhood. That she had requested defendant not to enter the premises, had locked the door and entrance to the house, but that he frequently had jumped the gate surrounding the house, forcing an entrance into the house, contrary to plaintiff's wishes; trespassing upon the premises and preventing plaintiff, by annpoy&ng her boarders from earning a livelihood. That unless defendant is enjoined and restrained from interfering with plaintiff's enjoyment of the premises, which she had leased and in which premises she resided with her daughter and her grand-children, and preventing defendant from committing acts of violence, which were nuisances to the neighborhood and which prevented her from making her living by keeping boarders on the premises.

356

Therefore, she finally prayed that a writ of injunction issue, restraining defendant from in any way interfering with her peaceful enjoyment of the premises, or in any way or manner molesting her or the occupants of her home, and that the injunction so issued be made perpetual, and for all costs and general relief.

Defendant filed a rule through Counsel to dissolve the injunction on various grounds;

1st. That the recitals of the petition are false and untrue.

2nd. That the same disclose no cause or right of action.

3rd. That at the time said copy of preliminary injunction and petition was served upon him, he was lying in bed at his residence, and that plaintiff, his mother-in law who resided with him, his wife and two children, for the past five years continuously and uniterrupedly and was supported, maintained and provided for by defendant, mover. That he is a telegraph operator by profession, has been working steadily for the Western Union Telegraph Compnay, earning a good salary, and that his earnings provided for his mother-in-law, wife and children. That the residence in question was not leased by plaintiff, but by movers wife acting in his behalf; that present suit is an attempt on the part of said mother-in-law to eject and restraint him from entering his own home, and visiting his own wife and children.

That no proceddings have been brought by either

mover or his wife, looking towards a divorce, and mover avers, that without just cause, reason or excuse, his wife has constantly attempted to make him leave the matrimonial domicile. notwithstanding that he is and always has been a kind and dutiful and lovig husband. That he declined to leave his said home, that his mother-in-law, plaintiff herein, is merely used as an instrument or pupet to oust him from entering his own home which was maintained by him, through his toil and untireing efforts, he advancing from $150. to $175. , each and every month for the support of said household, including the support of his mother-in-law; that therefore, the injunction should be dissolved as same would created extreme hardship and injustice to him, defendant. Subsequently defendant filed an answer in which he virtually avers the same grounds as he did in the rule to dissolve, and claiming that the action of plaintiff in securing said injunction is wrongful and contrary to law, and an invasion of defendant's legal rights, and because of said wrongful action defendant is entitled to recover as compensation the sum of $5.000. from plaintiff, together with a reasonable sum as Attorney's fees, and that the injunction prayed for by plaintiff be dismissed, the injunction proceedings set aside and judgment in reconvention for the amount prayed for..

The rule to dissolve and the merits were tried together, and testimony which would be useless and serve no good purpose by injecting same into this record, was taken pro and con, and finally after due hearing and argument by respective Counsel, and full and care -ful consideration of this cause, the trial Judge gave written reasons, which we adopt for judgment

in this cause, as follows, to-wit;-

By Cage. Judge.

" This is a case, five years ago, the defen
dant, Dawson, leased this house from the owner, sign-
ing a written lease and twelve rent notes. The evidence
shows that from that date the owner of the property
has never had any cause for complaint against her
tenant; it shows that the defendant was a telegraph
operator, liable, because of his occupation to be chan
ged about by the telegraph system for which he worked,
from place to place. The evidence satisfied me that
the subsequent leases of the premises from year to
year on each expiration, were signed by the wife as
the agent of the husband. There was no situation
which arose which permitted her to acquire that lease
for her seperate benefit, with her seperate and
~~paraferari maney~~ paraphernal money. The testimony
does not bear this out at all. The fatal flaw in the
plaintiff's case is if her statement and her moth-
er's statement that the leases for the past four
years were made by the wife as agent for her mother,
is a fact, that when the differences between the
wife and her husband became acute, it became neces-
sary to destroy the lease made in accordance with the
custom of several years--a lease signed by the owner
and the defendant's wife, and substitute therefor a
lease signed by Mrs. Moore, the plaintiff. If the
lease then outstanding was the lease of Mrs. Moore,
executed through her agent, Mrs. Dawson, there was
no necessity on the face of the earth to destroy this
lease, and if, on the contrary, it was the lease of
the husband, the head and master of the community,
executed by the wife for the community, then Mrs.
Fabacher had no right on earth to cancel and annul

that lease and give a lease to somebody else.

I am fully impressed that the lease was the lease of the community of acquets and gains existing between Dawson and his wife, and belongs to him as the husband head and master of the community, and that Mrs. Moore, the plaintiff in this case, is not the tenant of the house. The tenant holds a freehold tenure under the lease, and that being a fact, if she was not satisfied with the conduct of Dawson in this house, it was not her right or province to enjoin him from going to his own house; it was her right and prevelege to get out. I consider that this is an injunction by the wife in disguise. It appears to me that the real plaintiff in injunction is the wife, and that the mother is used only as a figurehead. I think the injunction was wrongfully issued and it will be dissolved. I believe that Mrs. Moore is merely a shadow or simulacrum for her daughter, and that whatever injury or damage has come to Dawson from the issuance of the injunction was assisted by his wife, in my opinion.

There will be judgment dissolving and setting aside the injunction with costs. As the defendant has proven no damages whatever, I will dismiss his reconventional demand for damages as in case of non-suit".

For the reasons herein assigned, it is ordered, adjudged and decreed, that the judgment of the lower Court is affirmed with costs against plaintiff in both Courts.

—Judgment Affirmed.